UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS B. QUIROZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION (CAL FIRE), et al.,<br><br>Defendants. | Case No.  1:26-cv-03559-KES-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*[1]<br><br>(Doc. 2)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On May 8, 2026, Plaintiff Nicholas B. Quiroz, proceeding pro se, filed the Complaint in this action. (Doc. 1).  On the same date, Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  (Doc. 2).

Except for habeas corpus actions, all parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee of $350.00 and additional administrative fee of $55.00 for a total filing fee of $405.00.  *See* 28 U.S.C. § 1914(a), (c).  A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Proceeding *in forma pauperis* is "a matter of privilege and not right."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Cir. 1984) (abrogated on different grounds).  While *in forma pauperis* applicants need not be "destitute," a showing of indigence is required.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  A plaintiff must allege indigence "with some particularity, definiteness and certainty" before *in forma pauperis* status can be granted.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  Courts are required "to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).

In his application, Plaintiff declares a monthly income of $5,250 for himself and a monthly income of $2,650 for his spouse, for a total of $7,900 in household monthly income.  (Doc. 2 at 1-2); *see Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (court may consider a plaintiff's spouse's financial resources in determining whether applicant is entitled to *in forma pauperis* status).  Plaintiff reports he and his spouse have a total of $690 in checking accounts, a motor vehicle valued at $22,000, and another vehicle valued at $39,000.  (*Id*. at 2-3).  Plaintiff and his spouse's stated monthly expenses include $1,650 in rent/mortgage payments, $381 in utilities, $75 in home maintenance, $800 in food, $200 in clothing, $40 in laundry and dry-cleaning, $150 in medical and dental expenses, $240 in transportation, $60 in recreation, $65 in life insurance, $145 in motor vehicle insurance, $764 in motor vehicle installment payments, $355 in credit card payments, $100 in Best Buy installment payments, $75 in "PG&E True-UP" installment payments, and $600 in regular expenses for operation of business, profession, or farm, with expenses totaling approximately $5,700 per month.  (*Id*. at 4-5).  Plaintiff lists his eleven-year-old daughter and eight-year-old son as dependents who rely on him and his spouse for support.  (*Id*. at 3).  Plaintiff does not expect any major changes to their monthly income or expenses or in their assets or liabilities during the next 12 months.  (*Id.* at 5).

In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look at the federal poverty guidelines developed each year by the Department of Health and Human Services.  According to the U.S. Department of Health and Human Services, the 2026 federal poverty guideline for a four-person household in the contiguous United

States is $33,000 annually. *See* 2026 HHS Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 12, 2026).

Here, Plaintiff and his spouse's annual income of $94,000 is nearly three times that threshold, and, after expenses, they are left with approximately $2,200 per month in expendable income. Courts in this district have denied *in forma pauperis* status to similarly situated plaintiffs. *See, e.g.*, *Bibb v. City of Copperas Cove, Texas*, 2026 WL 824395, at *1 (E.D. Cal. Mar. 25, 2026) (recommending denial of *in forma pauperis* status where "Plaintiff's gross household income is triple 2026 poverty guidelines" and "Plaintiff's income-to-expense ratio leaves him, on average, with approximately $249 per month in expendable income"); *Robinson v. Carmax Auto Fin., LLC*, No. 2:24-CV-2795-DJC-CSK, 2025 WL 1343369, at *1 (E.D. Cal. May 8, 2025), *report and recommendation adopted*, No. 2:24-CV-2795-DJC-CSK, 2025 WL 1684122 (E.D. Cal. June 16, 2025) (recommending denial of *in forma pauperis* status where "Plaintiff's gross household income is close to double the 2025 poverty guideline" and "Plaintiff's gross income-to-expense ratio leaves him, on average, with approximately $2,200 per month in expendable income"); *Brittany v. DOCO Westfield Mall, 405 K St*, 2025 WL 1294197, at *2 (E.D. Cal. May 5, 2025) (denying *in forma pauperis* status where plaintiff "reports income of over $7,500 per month in wages alone"). Moreover, courts have consistently held that *in forma pauperis* status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Alvarez v. Berryhill*, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018). The undersigned finds Plaintiff's affidavit does not demonstrate that paying the $405 filing fee would deprive him of life's necessities. *See Escobedo*, 787 F.3d at 1234; *see also Kaur v. Comm'r of Soc. Sec.*, 2022 WL 1023975, at *2 (Apr. 1, 2022), (recommending denial of in forma pauperis application and noting "courts in this district have denied applications to proceed IFP, even where the budget 'appear[s] tight,' if the itemized expenses reflect at least some extent of discretionary spending beyond strict necessity.") (collecting cases).

Accordingly, it is RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED.

2. Plaintiff be directed to pay the $405 filing fee in full, and that if he fails to do so, the

3

Court dismiss this action without prejudice.

## NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    May 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE