UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS B. QUIROZ,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION (CAL FIRE), et al.,

Defendants.

Case No. 1:26-cv-03559-KES-HBK

ORDER VACATING INITIAL SCHEDULING CONFERENCE AND REQUIRING PLAINTIFF TO ADDRESS SERVICE AND DEFAULT

This matter is before the Court upon review of the docket in advance of the initial scheduling conference scheduled for November 5, 2026.

Plaintiff proceeds pro se in this civil action and has paid the filing fee. The Court previously granted Plaintiff's request for additional time to serve Defendants with the Second Amend Complaint. (Doc. 17). Plaintiff thereafter filed returns of service purporting to establish service of the summonses of the Second Amended Complaint on September 8 and 9, 2026. (Doc. 19). Plaintiff also filed a motion for leave to file a Third Amended Complaint with the proposed Third Amended Complaint. (Docs. 20, 18). No Defendant has appeared or responded to that motion, and no joint scheduling report has been filed.

The present record requires clarification before the Court proceeds with issuing a scheduling order. Filing a return of service does not, by itself, resolve whether service complied

with Federal Rule of Civil Procedure 4. For a defendant initially served with a summons and complaint, Rule 12(a)(1)(A)(i) ordinarily requires a response within 21 days after service. If that provision applies and service was properly completed on September 8 or 9, 2026, the response deadline ordinarily was September 29 or 30, 2026.

Under Rule 55(a), entry of default is appropriate when a party against whom affirmative relief is sought has failed to please or otherwise defend and that failure is established by affidavit or otherwise. Entry of default is distinct from entry of default judgment under Rule 55(b).

Plaintiff's request for leave to amend does not, merely by being filed, establish that the proposed Third Amended Complaint is the operative pleading. Plaintiff proposed Third Amended Complaint is governed by Rule 15(a)(2). Defendants' failure to oppose the motion does not establish written consent to amendment under Rule 15(a)(2).

The Court finds good cause to defer issuance of a scheduling order while the sufficiency of service, Defendants' response obligations, and the status of the pleadings are clarified. The Court will reset the conference and related deadlines as appropriate under Rules 16 and 26.

Accordingly, IT IS ORDERED:

1. The initial scheduling conference scheduled for November 5, 2026, and associated joint-report deadline, are VACATED pending further order.
2. No later than November 16, 2026, Plainitff must file a status report identifying, separately for each Defendant: (a) The Defendant's name and the docket entry containing the applicable return of service; (b) The date and method of service, the documents served, the identity and capacity of the person who received them, and the provision of Rule 4 or California state law on which Plaintiff relies; (c) Whether Plaintiff seeks entry of default, intends to correct a service deficiency, or contends that the Defendant's response deadline has not expired. Plaintiff need not refile the documents already on the docket but must identify them by docket number. Any supplemental proof of service must comply with Rule 4(l).
3. No later than November 16, 2026, for each Defendant who Plaintiff contends was properly served and whose applicable response deadline has expired without an

answer or other defense, Plaintiff must either: (1) File a request for entry of clerk's default under Rule 55(a), supported by an affidavit, declaration, or other competent record evidence establishing proper service, expiration of the response period, and failure to please or otherwise defend; or (b) Explain specifically why Plaintiff does not seek entry of default at this time. This Order neither directs entry of default nor adjudicates the sufficiency of service.

4. If Plaintiff concedes service is insufficient on any Defendant, Plaintiff must, no later than November 16, 2026, identify the deficiency and show cause why the claims against that Defendant should not be dismissed without prejudice under Rule 4(m). Any request for additional time must explain Plaintiff's service efforts, the reason for the deficiency, and the additional time requested.
5. Plaintiff's motion for leave to file a Third Amended Complaint (Doc. 20) is held in abeyance pending compliance with this Order.
6. Within 5 (five) days of receipt of this Order, Plaintiff must mail a copy of this Order to each Defendant at the address used for the purported service, and to any known attorney representing that Defendant in this action, and file a certificate of mailing identifying the recipients, addresses, and mailing date with the Court.

Dated: October 28, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE